IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-50568
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN DELGADO NAVEJAR, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. SA-97-CA-532 and SA-90-CR-170-1

_____

July 26, 1999

Before GARWOOD, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Benjamin Delgado Navejar, Jr., federal prisoner # 43691-080, appeals the district court's denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Navejar asserts that he was not informed of his right to have counsel appointed on direct appeal and that he was denied his right to counsel. Navejar filed his appeal *pro se*.

The district court misconstrued Navejar's argument as an argument that he was denied the right to appeal, rather than that

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he was denied the right to counsel on appeal. Although Navejar was informed at sentencing of his right to proceed *in forma pauperis* on appeal, the sentencing transcript does not show that he was informed of his right to court-appointed counsel on appeal.

The district court erred in holding that Navejar could not establish prejudice from his attorney's alleged ineffective assistance, because he did not request his attorney to file an appeal, and because the issues he raised on direct appeal were frivolous. However, Navejar averred that he requested his counsel to appeal but counsel refused to do so because Navejar could not pay his fee, and that counsel did not advise Navejar of his right to court-appointed counsel, and that Navejar was not aware of that right and for that reason and because he was indigent he appealed *pro se*, but would have requested appointment of counsel for appeal had he known he was entitled to same. The record as it stands now does not expressly refute these averments. It is not necessary to show prejudice when there is an actual or constructive denial of counsel on direct appeal of a criminal conviction. *Penson v. Ohio*, 488 U.S. 75, 88-89 (1988).

Because factual issues remain regarding whether Navejar was informed or otherwise aware of his right to court-appointed counsel on appeal and whether he was then indigent, the judgment of the district court is VACATED and the case is REMANDED for proceedings consistent with this opinion, including an evidentiary hearing to determine whether Navejar was informed (or otherwise aware) of his right to appointed counsel on appeal (and, if not, whether had he

2

been so informed or aware he would have procured appointed counsel on appeal).

VACATED and REMANDED